### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL NO. 90-00016 |
| ) | |
| NOBLE C. BEASLEY, ) | |
| ) | |
|     **Defendant.** ) | |

### ORDER

    This matter is before the Court on the government's motion to dismiss the defendant's motion for relief from judgments. (Doc. 174). The defendant has filed a response, (Doc. 176), and, because the proper resolution of the motion to dismiss is clear, it is unnecessary to await the government's reply.

    By the Court's reckoning, this is at least the eleventh effort the defendant has made to revisit the conviction and sentence that became final in 1994.[1] His current motion and its supplement, (Docs. 171, 172), are brought pursuant to Federal Rule of Civil Procedure 60(b). The purpose of the motion is to "bring this Court's attention to a mistake in the final judgment that was entered by the trial court" in 1990, and it "attacks the defect in the

---

[1] Previous efforts include the following:
    Motion to vacate, (Docs. 85, 91, 97);
    Motion to correct or reduce sentence, (Doc. 105);
    Motion for relief from judgment or order, (Doc. 110);
    Motion for declaratory judgment, (Doc. 114);
    Motion to dismiss, (Doc. 123);
    Motion for writ of error coram nobis, (Doc. 126);
    Motion to modify sentence nunc pro tunc, (Doc. 145);
    Motion to modify sentence, (Doc. 149);
    Motion to set aside conviction and sentence, (Doc. 163); and
    Motion to set aside conviction and sentence, (Doc. 166).

integrity of the trial proceedings." (Doc. 176 at 1, 2). That is, the motion attacks the underlying criminal conviction and sentence.

Rule 60(b), of course, is a rule of *civil* procedure, while the defendant's conviction and sentence were entered in a *criminal* proceeding. "Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal [conviction and sentence] at issue under Fed.R.Civ.P. 60(b)." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). This unremarkable holding has been routinely invoked and applied by the Eleventh Circuit.[2] Because the defendant seeks to use a civil rule to attack a criminal ruling, the Court lacks subject matter jurisdiction over the defendant's motion.[3]

For the reasons set forth above, the government's motion to dismiss is **granted**. The defendant's motion for relief from judgments is **dismissed**.

DONE and ORDERED this 6th day of September, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] *Douglas v. United States*, 224 Fed. Appx. 939, 940 (11th Cir. 2007); *United States v. Quinones*, 199 Fed. Appx. 774, 775 (11th Cir. 2006); *United States v. Zuluaga*, 192 Fed. Appx. 944, 945 (11th Cir. 2006); *United States v. George*, 188 Fed. Appx. 926, 927 (11th Cir. 2006); *United States v. Davis*, 151 Fed. Appx. 880, 881 (11th Cir. 2005); *Barnett v. United States*, 143 Fed. Appx. 260, 261 (11th Cir. 2005); *Manno v. United States*, 137 Fed. Appx. 245, 246 (11th Cir. 2005); *United States v. Tibbetts*, 135 Fed. Appx. 214, 2215 (11th Cir. 2005).

[3] *Zuluaga*, 192 Fed. Appx. at 945; *George*, 188 Fed. Appx. at 927; *Davis*, 151 Fed. Appx. at 881.